Jason D. Boren, Esquire (#7816)
borenj@ballardspahr.com
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: 801.531.3000
Facsimile: 801.531.3001

And

Dustin P. Branch, Esquire
Jessica M. Simon, Esquire
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4354
Facsimile: (424) 204-4350
E-mail: branchd@ballardspahr.com
       simonjm@ballardspahr.com

*Attorneys for Landlords*
ARG NLGAIGA001, LLC,
STREETS OF TANASBOURNE, LLC,
CP VENTURE FIVE – APC LLC,
CP VENTURE FIVE – AWC LLC, and
FEDERAL REALTY INVESTMENT TRUST

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMPLY MAC, INC.,<br><br>    Debtor. | Bankr. No. 22-22239 (KRA)<br><br>Chapter 7<br><br>Hon. Kevin R. Anderson<br><br>STIPULATION TO RESOLVE CERTAIN LANDLORD OBJECTIONS TO THE TRUSTEE'S MOTION FOR ORDER APPROVING AGREEMENT WITH APPLE, INC. TO FACILITATE THE RETURN OF CUSTOMER PROPERTY |

{00624601-DOC / 3}

George Hofmann, in his capacity as the duly appointed trustee (the "Trustee") of the chapter 7 bankruptcy estate (the "Estate") of Simply Mac, Inc. (the "Debtor"), and each of landlords ARG NLGAIGA001, LLC, STREETS OF TANASBOURNE, LLC, CP VENTURE FIVE – APC LLC, CP VENTURE FIVE – AWC LLC, and FEDERAL REALTY INVESTMENT TRUST, (collectively, the "Stipulating Landlords"), by and through their respective counsel, hereby stipulate and agree (the "Stipulation"), as follows:

## I.     FACTUAL RECITALS

1. On June 14, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. The Trustee was appointed, and currently serves as, trustee of Debtor's bankruptcy estate.

2. The Debtor and the Stipulating Landlords are parties to leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") covering retail space (each a "Leased Premises", and collectively, the "Leased Premises") at the shopping center locations (the "Centers") set forth on Schedule A to this Stipulation.

3. On or about June 8, 2022 after the close of business, the Debtor terminated all of its employees and, no longer having any employees, ceased active business operations, including its business operations at the Leased Premises.

4. On or before June 8, 2022, customers of the Debtor ("Customers") delivered tangible personal property owned by the Customers (the "Customer Property") to the Debtor for repair and/or other purposes.

5. The Debtor did not return the Customer Property to Customers prior to terminating its employees and the cessation of active business operations. Accordingly, as of the

Petition Date, Customer Property was, and presumably still is, located at each of the Leased Premises.

6. On June 16, 2022, the Trustee filed a Motion for Order Approving Agreement with Apple, Inc. to Facilitate the Return of Customer Property [Docket No. 6] (the "Motion"), which requests entry of an order, among other things, authorizing and approving the Trustee's agreement with Apple, Inc. ("Apple") to facilitate the return of the Customer Property held at the Debtor's retail locations.

7. On June 17, 2022, on shortened notice, the Court held a hearing on the Motion, at which time the Stipulating Landlords raised objections to the Motion (the "Objections"). On June 17, 2022, the Court entered an Order Approving the Motion (the "Order," Dkt. 17), except as the Motion relates to the landlords that objected to the Motion (the "Objecting Landlords") and their respective the leased premises, including the Stipulating Landlords and their respective Leased Premises. The Court continued the hearing on the Motion as to the Objecting Landlords and their respective leased premises to June 24, 2022.

8. Since then, the Trustee and the Stipulating Landlords (together, the "Parties"), by and through their respective counsel, have been in discussions to resolve the Stipulating Landlords' Objections. Based on those discussions, the Parties have reached the agreements set forth herein.

## II.    STIPULATION

9. Effective immediately, Stipulating Landlords withdraw their objections to the Motion, and stipulate to entry of an Order (the "Supplemental Order") which makes the *Order Approving Agreement Between Trustee and Apple, Inc.*, entered June 17, 2022 [Docket No. 17] (the "Approval Order") applicable as to the Stipulating Landlords and the Leased Premises in all

respects, except as otherwise agreed to in this Stipulation, effective from and after entry of the Supplemental Order.

10. As a condition of withdrawing their objections, Stipulating Landlords have requested that the Trustee consent, and authorize them (collectively, the "Authorized Landlord Actions"): (a) to enter the Leased Premises; (b) to re-key the Leased Premises and, thereafter, control and restrict access to the Leased Premises; (c) to dress the store windows at the Leased Premises; and (d) to take other actions the Landlord deems reasonably necessary to secure the Leased Premises and to minimize the appearance of a dark store. The Trustee hereby consents to, and authorizes, the Stipulating Landlords to take the Authorized Landlord Actions, subject to the following conditions (the "Conditions"):

    a. the Stipulating Landlords are not authorized to, and shall not, seize, attach, move or remove any tangible personal property that is located upon the Leased Premises that is subject to a lien or interest of the estate, the Debtor, or a third party (the "Personal Property"), including, without limitation, Customer Property, property of the Debtor, or Personal Property of any non-debtor property (*e.g.*, property that was held by the Debtor pursuant to a consignment agreement);

    b. the Stipulating Landlords are not authorized to, and shall not (except to the extent authorized by 11 U.S.C. § 546(b)), take any actions to create, perfect or enforce a lien on any property of the Debtor, including without limitation Personal Property located upon the Leased Premises;

    c. the Stipulating Landlords shall cooperate with Apple to facilitate and accommodate Apple's access to the Leased Premises to identify, collect and remove

(i) Customer Property, (ii) any Personal Property owned by Apple, and/or (iii) any Personal Property in which Apple holds a first priority lien and/or security interest;

   d. the Stipulating Landlords shall cooperate with Ingram Micro, Inc. ("Ingram"), which asserts to hold a senior lien and security interest in all (or substantially all) of the Debtor's inventory, furniture, fixtures and equipment and other Personal Property, and Ingram's repossession and collection agent(s), including Receivables Control Corporation ("RRC") and/or Dudley Resources, to accommodate access to the Leased Premises to identify, collect and remove Ingram's collateral and other Personal Property;

   e. provided that (and only for so long as) the Estate continues to have an enforceable leasehold interest in the Leased Premises, the Stipulating Landlords shall cooperate with the Trustee and any persons invited by the Trustee to enter the Leased Premises consistent with the terms of the Leases (the "Trustee's Invitees") to facilitate and accommodate reasonable access to the Leased Premises, including, without limitation, (i) to view or inspect the Leased Premises, (ii) to remove property of the Estate or other Personal Property from the Leased Premises, and (iii) to take any other actions permitted under the Leases.

  11. Provided that the Stipulating Landlords observe and satisfy the Conditions, the Trustee stipulates that the Authorized Landlord Actions shall not constitute violations of the automatic stay, and waives any claim to the contrary.

  12. Nothing in this stipulation (including specifically paragraphs 10.c, 10.d and 10.e) is intended to be, or shall be construed as, consent by the Stipulating Landlords to permit or authorize Ingram, RCC, Dudley Resources or any other person (a) to remove from the Leased

{00624601.DOC / 3}  5

Premises any property of the Stipulating Landlords, or (b) to take actions which damage the Leased Premises. Stipulating Landlords reserve the right to object to, and to take reasonable actions to prevent, Ingram or other persons (y) from removing from the Leased Premises property in which the Stipulating Landlord(s) claim(s) an ownership interest (including property that the Landlord(s) assert has become property of the Landlord(s) pursuant to its/their respective Lease(s)), or (z) from materially damaging the Leased Premises. Further, Stipulating Landlords reserve the right to observe and monitor persons that access the Leased Premises and their activities, including removal of Personal Property from the Leased Premises. Finally, Stipulating Landlords reserve the right to require proof of insurance as a condition of consenting to any actions by Ingram, RRC, Dudley Resources or other persons which could materially damage the Leased Premises.

13. Nothing in this Stipulation precludes Stipulating Landlords from raising any claims, rights, or defenses against Ingram, Dudley Resources, or any third parties based on access to the Leased Premises, damage caused to the Lease Premise or the removal of property owned by the Stipulating Landlords, including to the extent of their available insurance.

14. Except only as expressly and specifically provided herein, the Parties reserve all other rights, claims, defenses, and objections, including but not limited to: (a) the Estate's treatment of the Leases and/or the Leased Premises, (b) any request or motion to reject, or assume, or assume and assign any of the Leases, (c) any requests or motions by the Stipulating Landlords for payment of post-petition rents under 11 U.S.C. § 365(d)(3) or allowance or payment of administrative expenses, (d) claims that the Stipulating Landlords may hold, or assert, against the Estate, and (e) causes of action (including chapter 5 claims) that the Estate may hold or assert against the Stipulating Landlords.

15. The Trustee believes that entry into this Stipulation is within his discretion and that this Stipulation is not subject to approval by the Court. Nonetheless, Stipulating Landlords reserve the right to seek entry of an order approving this Stipulation, if necessary.

16. All Parties submit to the jurisdiction of the Bankruptcy Court regarding the matters covered by this Stipulation, and to resolve any dispute that may arise under this Stipulation.

Dated this 24th day of June, 2022.

**COHNE KINGHORN, P.C.**

/s/ Matthew M. Boley (with permission)
George Hofmann
Matthew M. Boley
Jeffrey Trousdale
*Proposed Attorneys for the Chapter 7 Trustee*

**BALLARD SPAHR LLP**

/s/ Jessica M. Simon (with permission)
Dustin P. Branch
Jessica M. Simon
*Attorneys for Landlords*
ARG NLGAIGA001, LLC,
STREETS OF TANASBOURNE, LLC,
CP VENTURE FIVE – APC LLC,
CP VENTURE FIVE – AWC LLC, and
FEDERAL REALTY INVESTMENT TRUST

## SCHEDULE A

| ARG NLGAIGA001, LLC | |
|---|---|
| North Lake Square | Gainesville, GA |
| **CP Venture Five – APC LLC** | |
| Avenue Peachtree City | Peachtree City, GA |
| The Avenue West Cobb | Marietta, GA |
| **Federal Realty InvestmentTrust** | |
| Barracks Road Shopping Center | Charlottesville, VA |