George Hofmann (10005)
Matthew M. Boley (8536)
Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

*Attorneys for George Hofmann, Chapter 7 Trustee*

Jennifer Wertz
**JACKSON WALKER LLP**
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: (512) 236-2247

*Attorneys for ACC OP (University Shoppes Orlando) LLC and The District Joint Venture LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMPLY MAC, INC.,<br><br>Debtor. | Bankruptcy No. 22-22239 (KRA)<br><br>Chapter 7<br><br>Hon. Kevin R. Anderson |

## STIPULATION BETWEEN TRUSTEE, ACC OP (UNIVERSITY SHOPPES ORLANDO) LLC, AND THE DISTRICT JOINT VENTURE LLC

George Hofmann, in his capacity as the duly appointed trustee (the "Trustee") of the chapter 7 bankruptcy estate (the "Estate") of Simply Mac, Inc. (the "Debtor"), and each of landlords ACC OP (University Shoppes Orlando) LLC and The District Joint Venture LLC (each, a "Landlord" and together with the Trustee, the "Parties"), by and through their respective counsel, hereby stipulate and agree (the "Stipulation"), as follows:

### I.   FACTUAL RECITALS

1. On June 14, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. The Trustee was appointed, and currently serves as, trustee of Debtor's bankruptcy estate.

{00627967.DOC / 3}

2. The Debtor and each Landlord are parties to leases of nonresidential real property (each, individually, a "Lease," and together, the "Leases") covering retail space (each a "Leased Premises," and collectively, the "Leased Premises") at the shopping center locations more particularly set forth therein (as applicable, the "Orlando Location"[1] and the "Tallahassee Location,"[2] and together, the "Centers").

3. The Trustee understands that on or about June 8, 2022 after the close of business, the Debtor terminated all of its employees and, no longer having any employees, ceased active business operations, including its business operations at each of the Leased Premises.

4. The Trustee understands that on or before June 8, 2022, customers of the Debtor ("Customers") delivered tangible personal property owned by the Customers (the "Customer Property") to the Debtor for repair and/or other purposes. The Debtor did not return the Customer Property to Customers prior to terminating its employees and the cessation of active business operations. Accordingly, as of the Petition Date, Customer Property was, and still may be, located at each of the Leased Premises.

5. Moreover, as of the Petition Date, certain tangible personal property (the "Personal Property") in which Apple, Inc. ("Apple"), the Debtor, or third party lender Ingram Micro, Inc. ("Ingram") asserts interests remained at the Leased Premises.

6. On June 16, 2022, the Trustee filed a *Motion for Order Approving Agreement with Apple, Inc. to Facilitate the Return of Customer Property* [Docket No. 6] (the "Apple Motion"), requesting entry of an order, among other things, authorizing and approving the

---

[1] The property address for the Orlando Location is 12101 University Blvd, Suite No. 237, Orlando, FL 32817.
[2] The property address for the Tallahassee Location is 699 W. Gaines St., Suite No. 102, Tallahassee, Florida.

Trustee's agreement with Apple, Inc. ("Apple") to facilitate the return of Apple-related Customer Property held at the Debtor's retail locations.

7. On June 17, 2022, the Bankruptcy Court entered its *Order Approving Agreement Between Trustee and Apple, Inc.* [Docket No. 17] (the "Apple Order"), whereby it granted the Apple Motion and authorized Apple to undergo its removal and return of Apple-related Customer Property held at the Debtor's retail locations.

8. Pursuant to the Apple Order, the Landlord cooperated in coordination and facilitation of the removal of some (but potentially not all), of the Customer Property and Personal Property from the Leased Premises. Without limitation, Apple has advised the Trustee that it has visited all of the Debtor's former stores, including the Leased Premises, and has removed all Apple-related Customer Property therefrom. But it is possible that additional Customer Property – bikes, e-bikes and other Customer Property that is not manufactured or distributed by Apple – may still remain at the Leased Premises.[1]

9. On June 21, 2022, the Trustee filed a *First Omnibus Motion to Reject Certain Leases* [Docket No. 25] (the "Motion"), seeking to reject the Leases at the Leased Premises as of the date of filing the Motion (or the Petition Date).

10. Since then, the Trustee and the Landlord (together, the "Parties"), by and through their respective counsel, have been in discussions to resolve the Landlord's potential objections

---

[3] Subsequent to the Apple Order, the Trustee has learned (and now has advised the Landlord) that there may have been non-Apple-related Customer Property located at the Leased Premises. Specifically, the Trustee is advised that the Debtor took in bikes and e-bikes of Customers as part of its business at some (perhaps all) of its business locations. The Trustee is investigating whether such Customer Property may be located at the Leased Premises, and will share all relevant information with the Landlord when it becomes available. The Trustee does not, and cannot, guarantee or make any other representation as to the accuracy of that information, to the extent it exists.

{00627967.DOC / 3}    3

to the Motion. Based on those discussions, the Parties have reached the agreements set forth herein.

## II.    STIPULATION

11. Effective immediately, the Rejection Date of the Leases shall be the date that the Trustee has (i) unequivocally relinquished possession and control of the Premises, and (ii) returned the same to the Landlord free and clear of any interests or property of the Debtor's, the estate's, or any third parties, and any ability to later retrieve or abandon property at the Premises, but in no case shall the Rejection Date be later than July 22, 2022 (the "Rejection Date").

12. As of the Rejection Date, the Leases are rejected, and the possession and control of each of the Leased Premises shall be unequivocally deemed surrendered to and vested entirely in the Landlord, and the Trustee, the Debtor, the estate, or anyone claiming any interest in either of the Leased Premises or either of the Leases on behalf of or through them forfeit any right to possession under any applicable bankruptcy and non-bankruptcy law effective as of the same date.

13. As of the Rejection Date, the Landlord agrees to waive any administrative claims for post-petition rent (including, but not limited to, administrative claims for the time between the Petition Date and the Rejection Date) that it may assert against the Debtor or its estate pursuant to 11 U.S.C. §§ 365(d)(3) and/or 503(b).

14. As of the Rejection Date, to the extent not previously authorized, the Trustee authorizes the Landlord to take immediate possession and control of each of the Leased

Premises, and, if the Landlord has not done so already, to re-key each of the Leased Premises to protect and secure, dress the windows, and otherwise minimize the appearance of a "dark" store.

15. As of the Rejection Date, all property remaining at each of the Leased Premises shall be deemed abandoned by the Trustee, the Debtor, and the estate under Section 554 and/or Section 363 of the Bankruptcy Code. Further, effective as of the Rejection Date, the Trustee hereby abandons (to the extent not previously abandoned) any interest that the Debtor or its chapter 7 bankruptcy estate may have in Customer Property. The Landlord may use or dispose of all property, including any Personal Property and the estate's interest (if any) in Customer Property, remaining at the Leased Premises in their sole and absolute discretion and without further notice or liability to the Trustee, the Debtor, the estate, or any party that receives notice of this stipulation, and without further order of the Court.

16. To the extent necessary, the Landlord shall have relief from the automatic stay imposed by Section 362, and may issue, file, serve, or record any and all notices as it may wish in is sole discretion in conjunction with the exercise of their rights and remedies under this Stipulation. Upon entry of this Stipulation on the docket in this case, the automatic stay of section 362(a) is hereby lifted, terminated, and modified to permit, the Landlord to setoff against any prepetition security deposit held by the Landlord in connection with a Lease.

17. Except as otherwise agreed to herein, this Stipulation has no effect on any present or future claim that the Landlord may file in this bankruptcy case, and this Stipulation and any order thereon shall be without prejudice to the assertion of any claims or defenses with respect to pre-petition arrearages, unsecured claims for damages for rejection of the Leases under Section 502(b)(6), setoff or recoupment, and without prejudice to any objections by the Trustee thereto.

18. The Parties agree that the Landlord may file any claim for damages under the Leases, including but not limited to damages for the rejection of the Leases pursuant to Section 502(b)(6) either within thirty (30) days of the Court entering an order approving this Stipulation, or the deadline for filing claims, whichever is later.

19. The Trustee believes that entry into this Stipulation is within his discretion and that, in light of the pending Motion, further notice and opportunity for hearing is not necessary. Accordingly, the Trustee promptly will request entry of an order approving the Motion as modified by this Stipulation as to the Landlord.

20. Nothing in this Stipulation precludes the Landlord from raising any claims, rights, or defenses against Apple, Ingram, Dudley Resources, or any third parties based on access to the Leased Premises, damage caused to the Leased Premises or the removal of property owned by the Stipulating Landlords, including but not limited to the extent of any available insurance.

21. The provisions of this Stipulation shall survive any conversion or dismissal of this case and shall bind any subsequently appointed trustee or examiner.

22. All Parties submit to the jurisdiction of the Bankruptcy Court regarding the matters covered by this Stipulation, and to resolve any dispute that may arise under this Stipulation.

Dated this 27th day of July, 2022.

**COHNE KINGHORN, P.C.**

/s/ Jeffrey Trousdale
George Hofmann
Matthew M. Boley
Jeffrey Trousdale

*Attorneys for the Chapter 7 Trustee*

**Jackson Walker LLP**

/s/ Jennifer Wertz
Jennifer Wertz (signed with permission)
100 Congress Ave., Suite 1100
Austin, TX 78701

*Attorneys for Landlords
ACC OP (University Shoppes Orlando) LLC
and The District Joint Venture LLC*

{00627967.DOC / 3}                    7